## ANTONIO TOTI *vs.* ANTONIO GASBARRO.

MAY 7, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J. This is an action by a broker to recover a commission for the sale of real estate. The trial in the Superior Court resulted in a verdict for the defendant and the case is before us on the plaintiff's exception to the ruling of the trial justice denying the plaintiff's motion for a new trial urged on the ground that the verdict is against the evidence.

The plaintiff after being employed as a broker secured a customer who executed with the defendant a written con-

tract in terms as follows: "Providence, R. I. May 19, 1924. I Marco Palombo agree to buy property situated at 527-529 Atwells Ave. from Antonio Gasbarro for the sum of Fourteen Thousand and one hundred dollars. ($14,100) Deposit two hundred dollars balance thirteen thousand nine hundred. Deed to be made before June first 1924. Mario Palombo   Antonio Gasbarro."

It is clear that Palombo was never ready, able and willing to carry out the terms of the written contract. See *Peckham v. Ashhurst*, 18 R. I. 376. Sometime after the contract was signed Palombo requested the defendant to take back as a part of the purchase price a mortgage for $10,000. The defendant refused and insisted that the entire purchase price be paid in cash.

When a contract specifies the purchase price the agreement, in the absence of qualifying terms, is to pay cash. Page on Contracts, Vol. 5, § 2807; *Cammeyer* v. *United Churches*, 2 Sanf. Ch. at 243; *Emery* v. *Atlanta Exchange*, 88 Ga. 321; *Stengel* v. *Sergeant*, 68 Atl. 1106.

Without objection the plaintiff testified that the defendant stated before the contract was signed that he would take back a mortgage for $10,000. The language of the contract was dictated to the scrivener by the plaintiff. His contention is that although he did not embody in the agreement a provision that the defendant would take back a mortgage for $10,000, nevertheless, the plaintiff furnished a customer ready, able and willing to comply with the terms prescribed by the owner at the time the customer was introduced to him.

The jury evidently found that the plaintiff was not authorized to sell on any terms except for cash and that the defendant never agreed to accept any other terms. It appears that a mortgage for $15,000 covered the property in question and also another parcel of real estate owned by the defendant. To clear the title it was necessary either to pay said mortgage or induce the holder to release the property in question. In view of these circumstances the

defendant might reasonably be expected to insist on being paid in cash in order that he may have funds with which to remove the encumbrances. The jury made their finding upon conflicting evidence. That finding has the approval of the trial justice. An examination of the record fails to disclose anything which would justify, under such circumstances, an interference with the verdict.

The plaintiff's exception is overruled and the papers in the case are ordered remitted to the Superior Court for the entry of judgment on the verdict.

*Lee & McCanna, James L. Taft,* for plaintiff.

*Arthur J. Levy,* for guardian *ad litem.*